**United States District Court
Central District of California**

<mark>AMENDED</mark>

UNITED STATES OF AMERICA vs.      Docket No. **CR 07-00755 DDP**

**Defendant**  LILA MARIE RIZK  
akas: Lila Marie Khalaf

Social Security No.  6  0  7  3  
(Last 4 digits)

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person  
MONTH 01  DAY 29  YEAR 2010

**COUNSEL**  [X] WITH COUNSEL  Alan R. Baum, retained  
(Name of Counsel)

**PLEA**  [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [X] NOT GUILTY

**FINDING**  There being a finding/verdict [X] GUILTY, defendant has been convicted as charged of the offense(s) of:

18 U.S.C. § 371: CONSPIRACY (COUNT 1)

18 U.S.C. § 1344(1), 2: BANK FRAUD; AIDING AND ABETTING AND CAUSING AN ACT TO BE DONE (COUNT 2)

18 U.S.C. § 1014, 2: LOAN FRAUD; AIDING AND ABETTING AND CAUSING AN ACT TO BE DONE (COUNTS 9-12)

18 U.S.C. § 1014, 2: LOAN FRAUD; AIDING AND ABETTING AND CAUSING AN ACT TO BE DONE (COUNTS 14-16)

18 U.S.C. § 1014, 2: LOAN FRAUD; AIDING AND ABETTING AND CAUSING AN ACT TO BE DONE (COUNTS 18-21)

18 U.S.C. § 1014, 2: LOAN FRAUD; AIDING AND ABETTING AND CAUSING AN ACT TO BE DONE (COUNTS 23-24)

18 U.S.C. § 982(a)(2)(A), 982(b); 21:853(p): CRIMINAL FORFEITURE (COUNT 34)

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

    Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Lila Rizk, is hereby committed on Counts 1, 2, 9 to 12, 14, 15, 16, 18 to 21, 23 and 24 of the 35-Count Indictment to the custody of the Bureau of Prisons for a term of 36 months. This term consists of 36 months on each of Counts 1, 2, 9 to 12, 14, 15, 16, 18 to 21, 23 and 24, all such terms to be served concurrently.

USA vs. LILA MARIE RIZK                                    Docket No.:   CR 07-00755 DDP

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1, 2, 9 to 12, 14, 15, 16, 18 to 21, 23 and 24, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving mortgage lending, mortgage brokering, mortgage banking, real estate purchases or sales, or real estate appraisals, without the express approval of the Probation Officer prior to engagement in such employment.  Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

4. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

5. The defendant shall apply monies in excess of $500 received from income tax refunds to the outstanding court-ordered financial obligation.  In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on a date to be determined.  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

RESTITUTION:     It is ordered that the defendant shall pay restitution pursuant to 18 U.S.C. § 3663 (A). **Defendant shall pay restitution in the total amount of $45,548,762.32 to the victims.  Once the victims have been fully compensated, Defendant shall pay restitution in the total amount of $967,083.68 to her insurer as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim.** The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

USA vs.   LILA MARIE RIZK                             Docket No.:   CR 07-00755 DDP

    Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $ 1,000 shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

    If the defendant makes a partial payment, each payee shall receive approximately proportional payment.

    The defendant shall be held jointly and severally liable with the following defendants for the amount of restitution ordered in this judgment: Codefendants Joseph Babajian, Kyle Grasso, and Lester Robinson; and Co-participants Charles Fitzgerald (Docket No. 06-00977(A)), Mark Abrams (Docket No. 06-00044), Richard Maize (Docket No. 07-00455), Nicole LaViolette (Docket No. 05-01232), Jamieson Matykowski (Docket No. 05-01213), and Timothy Holland (Docket No. 06-00106).

    The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

    Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).  The defendant shall comply with General Order No. 01-05.

FINE: All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

SPECIAL ASSESSMENT:  It is further ordered defendant shall pay to the United States a special assessment fee of $1,500, which is due immediately to the Clerk of the Court.

FORFEITURE:  Pursuant to 18 U.S.C. § 982(a)(2)(A), all right, title, and interest of the defendant in any property constituting, or derived from, proceeds obtained directly or indirectly from Counts One and Two of the Indictment is forfeited to the United States.  In addition, the defendant shall forfeit the sum of $307,409.00 on Count One, and $307,409.00 on Count Two.  Provided, the government shall actually collect a total amount not greater than $307,409.00 on the foregoing forfeiture money judgments.  The court has entered an Order re: monetary judgement of forfeiture against the defendant, which is hereby incorporated by reference into this judgment and is final  (Count 34).

SENTENCING FACTORS: The sentence is based upon the factors set forth in 18 U.S.C. § 3553, including the applicable sentencing range set forth in the guidelines.

IT IS ORDERED that the defendant shall self-surrender to the institution designated by the BOP on or before 12 noon, on April, 2, 2010, on the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal at 255 East Temple Street, Los Angeles, California, 90012.

USA vs.  LILA MARIE RIZK                           Docket No.:    CR 07-00755 DDP

The Court RECOMMENDS that the defendant be considered for designation to the BOP camp facility at Lancaster, California or a BOP facility as close to the Southern California vicinity as possible.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 25, 2015                                                        /s/ Dean D. Pregerson
Date                                                                     United States District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

June 25, 2015                              By   John A. Chambers
Filed Date                                      Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs.   LILA MARIE RIZK                            Docket No.:      CR 07-00755 DDP

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

      1. Special assessments pursuant to 18 U.S.C. §3013;
      2. Restitution, in this sequence:
            Private victims (individual and corporate),
            Providers of compensation to private victims,
            The United States as victim;
      3. Fine;
      4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
      5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | | | |
|---|---|---|---|
| USA vs. | LILA MARIE RIZK | Docket No.: | CR 07-00755 DDP |

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By _____
Date                 Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By _____
Filed Date           Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  _____
Defendant                   Date

_____  _____
U. S. Probation Officer/Designated Witness   Date

---

CR-104 (12/08)  **JUDGMENT & PROBATION/COMMITMENT ORDER**  Page 6 of 6